UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

H-E-B, L.P., and H. E. BUTT GROCERY
COMPANY,

    *Plaintiffs*,

v.                                                      Case No. SA-21-CV-0458-JKP

MAVERICK INTERNATIONAL, LTD,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiffs' Motion to Remand* (ECF No. 6). Defendant has filed a response (ECF No. 10) and Plaintiffs have filed a reply brief (ECF No. 12). For the reasons that follow, the Court partially grants the motion and will order this case remanded to state court.

### I. BACKGROUND

Plaintiffs commenced this action in state court in March 2021. The next month they filed an amended state petition. Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant removed this action to federal court because the amended petition asserted allegations regarding the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 et. seq. *See* Notice of Removal (ECF No. 1). As Defendant points out, the Environmental Protection Agency ("EPA") regulates products subject to FIFRA.

Through their motion to remand, Plaintiffs submit that they assert only state claims and that the possibility that evidence might be presented about Defendant's claims that its Bioerase surface product is exempt from registration requirements of FIFRA is insufficient to confer federal jurisdiction. *See* Mot. at 1. They argue that Defendant's removal is an improper, dilatory tactic to stall their state action, while pursuing a second state action in a different county. *See id.* at 3-4. They set out a procedural background showing their initial state action, followed by Defendant

filing a second state action involving the same subject matter and pursing discovery on the EPA issue. *See id*. at 3. Invoking 28 U.S.C. § 1447(c) and the Court's inherent powers to award attorney fees in certain circumstances, Plaintiffs request an award of costs, expenses, and fees should the Court grant their motion to remand this action. *See id*. at 23-24.

In response, Defendant first identifies non-parties (Environmental Manufacturing Solutions, LLC ("EMS") and Verataur, LLC ("Verataur") that it contends provided the Bioerase product which it in turn provided to Plaintiffs. Resp. at 1-2. It then sets out the agreement between the parties regarding the purchase of Bioerase wipes before addressing the involvement of the EPA. *See id*. at 2-6. Much of the response focuses on the FIFRA issue and involvement of the EPA in this case to argue that the Court possesses embedded federal question jurisdiction. *See id*. at 7-17. And finally, Defendant urges the Court not to impose costs, expenses, or fees even if it grants the motion to remand. *See id*. at 18.

The motion became ripe with Plaintiffs' reply.[1] After considering the briefing and applicable law, the Court is now prepared to rule.

## II. REMAND

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no dispute, furthermore, that 28 U.S.C. § 1331 provides the federal courts with "original jurisdiction of all civil actions arising under the

---

[1] Plaintiffs have also filed four advisories, only one (ECF No. 16) of which directly concerns the motion now before the Court. In the relevant advisory, Plaintiffs inform the Court that (1) Defendant has commenced its own litigation against Verataur in state court despite Defendant's contention in this action that federal jurisdiction exists; (2) Verataur removed that action to federal court and Defendant moved to dismiss the federal action on the basis of an arbitration agreement; and (3) to date, Verataur remains a non-party to the current litigation and its potential joinder should not support federal question jurisdiction. Also, although Plaintiffs appear to purport to attach exhibits to the advisory, none are attached. Other than the brief recitation in this footnote, the Court has not considered the advisories as any substantive or procedural basis for its rulings. Nor does it consider any advisory as supporting a different result.

Constitution, laws, or treaties of the United States."

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

A state action is removable if it includes any "claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." *See* 28 U.S.C. § 1441(c)(1)(A). Nevertheless, the "plaintiff is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist." *Elam v. Kan. City S. Ry.*, 635 F.3d 796, 803 (5th Cir. 2011). In other words, as "master of the complaint . . . the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). Defendants "may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983).

Under this legal principle – known as "the well-pleaded complaint rule" – "a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam*, 635 F.3d at 803. When the plaintiff has properly pled "only a state law cause of action," there is no federal question jurisdiction. *Id.* (quoting *Gutierrez*, 543 F.3d at 252). The Supreme Court has long held that "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action

into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar, Inc.*, 482 U.S. at 399. To hold otherwise, would make the plaintiff "master of nothing." *Id*. "That federal law might provide a defense to a state law cause of action does not create federal question jurisdiction." *Elam*, 635 F.3d at 803 (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). And "federal defenses do not provide a basis for removal." *Caterpillar Inc.*, 482 U.S. at 399.

"There is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, th[e Supreme] Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). This embedded-federal-question "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*.

However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Courts instead must make "careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." *Id*. at 814. They premise such judgments "on principled, pragmatic distinctions" and apply "common-sense accommodation" to varied situations. *Id*. at 813 (citation and internal quotations omitted).

Under existing precedent, "[t]here is a 'special and small category of cases' that originate in state law yet still arise under federal law for purposes of federal question jurisdiction." *Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335, 1350 n.4 (2020) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). In typical cases, however, "a suit arises under the law that creates the cause of

action." *Id*. at 1350 (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Thus, under the embedded-federal-question doctrine, courts ask, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Stated differently, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

There must be "more than a federal element to open the arising under door." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701, (2006) (citation and internal quotation marks omitted). Not only must a disputed federal issue be necessarily raised, such as when it is "an essential element" of an asserted state claim, *Grable*, 545 U.S. at 315, but it must be substantial in that the issue "indicat[es] a serious federal interest in claiming the advantages thought to be inherent in a federal forum," *id*. at 313.

"The substantiality inquiry under *Grable* looks. . . to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. A substantial federal issue "requires resolution of an important question of law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008). Absent a "private remedy for the violation of a federal . . . regulatory statute, the fact that violation of the statute is an element of a state . . . claim is insufficient to establish a substantial federal interest." *Id*. at 338-39. And, when "the federal issue is predominantly one of fact . . . [the] issue does not require 'resort to the experience, solicitude, and hope of uniformity that a federal forum offers.'" *Id*. (quoting *Grable*, 545 U.S. at 312). Issues that are "fact-bound and situation-specific" are not substantial for purposes of the embedded-federal-jurisdiction doctrine. *See Empire Healthchoice*, 547 U.S. at 701.

5

Defendant does not urge any private federal remedy at issue in this case. Nor does it rely on federal pre-emption. Thus, these matters are not at issue here directly. In any event, courts have held "that FIFRA does not provide a private right of action," *Voss v. Saint Martin Co-op.*, 376 F. App'x 662, 663 (8th Cir. 2010) (per curiam) (citing cases), and the Supreme Court has held that at least some state claims are consistent with FIFRA and not subject to pre-emption, *see Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 444-45 (2005).

Nevertheless, Defendant does rely on the embedded-federal-jurisdiction doctrine and this case does present state claims that refer to federal law and regulations. In their amended petition, Plaintiffs assert state law claims for fraud, negligent misrepresentation, fraudulent inducement, breach of purchase orders, breach of express warranties, and breach of implied warranties. Defendant contends that each of these, except for the breach of purchase orders, rely exclusively on the FIFRA/EPA issue. Plaintiffs also seek a declaratory judgment and rely on detrimental reliance/promissory estoppel. Defendant contends that the latter reliance strongly suggests requiring a FIFRA violation.

If even one of Plaintiff's claims satisfy the embedded-federal-question doctrine, Defendant properly removed the entire action to federal court. But Plaintiff's amended state petition does not necessarily raise any substantial federal issue. This action does not include the EPA or any challenge to EPA agency action. The claims in this case turn on fact-specific representations during contract negotiations. This case does not turn on whether the product at issue, Bioerase, is or is not EPA and FIFRA exempt or on the requirements and exigencies that concern EPA registration. The EPA has already made the determination that Bioerase be removed from Plaintiffs' shelves and the EPA's determination is not under any direct review in this Court.

This case presents the simpler question of whether Bioerase is a merchantable product. Any federal issue under FIFRA/EPA is peripheral only. The mere presence of a federal issue is

insufficient to invoke federal question jurisdiction. Any federal issue in this case is not substantial. Whether Defendant complied with EPA/FIFRA requirements is at most one facet of Plaintiffs' claims. No asserted claim turns on any federal right or the interpretation of federal law. Indeed, the claims asserted do not require interpretation of federal law. And whether there is a dispute between Defendant and the EPA does not confer federal question jurisdiction. Anticipated defenses provide no support for exercising such jurisdiction.

Defendant has identified no federal issue that satisfies the embedded-federal-question doctrine. Furthermore, Plaintiffs' asserted state claims are analogous to claims that courts have found not to raise federal questions. For example, claims that a defendant has "falsely represented that [its product] complied with federal regulations," are insufficient to arise under federal law. *Martinez v. Volkswagen Grp. of Am., Inc.*, No. 16-CV-56-XR, 2016 WL 2894928, at *2 (W.D. Tex. May 18, 2016) (relying on *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)); *accord Bullerwell v. Volkswagen Grp. of Am., Inc.*, No. SA-16-CV-1199-XR, 2017 WL 87065, at *4 (W.D. Tex. Jan. 10, 2017). Courts have also found state contract and warranty claims insufficient to arise under federal law merely because federal law may be tangentially relevant to such claim. *See Vinmar Overseas, Ltd. v. OceanConnect, LLC*, No. CIV.A. H-11-4311, 2012 WL 3599486, at *11 (S.D. Tex. Aug. 20, 2012); *NIC Holding Corp. v. Green Diesel LLC*, No. CV H-12-0579, 2012 WL 13055351, at *2 (S.D. Tex. June 29, 2012). Further, in the related context of federal preemption, state claims of breach of warranty and breach of contract are consistent with FIFRA and are not pre-empted. *See Bates*, 544 U.S. at 444-48. As noted in *Bates*, "a cause of action on an express warranty asks only that a manufacturer make good on the contractual commitment that it voluntarily undertook by placing that warranty on its product." *Id.* at 444. And "a state cause of action that seeks to enforce a federal requirement" would not be pre-empted. *Id.* at 448.

Defendant has not carried its burden to show the existence of federal jurisdiction. It has not

shown the presence of each element of the embedded-federal-question doctrine. The above discussion reflects that its invocation of that doctrine fails on the substantiality element at least. On that point, Defendant also urges the Court to find a substantial federal interest due to the Covid-19 pandemic and the importance of surface cleaning products, such as Bioerase, in the fight against the virus. But the issues raised in this case are not specific to the pandemic environment. While no one can reasonably question the significance of the pandemic or the need for action to combat it at both the federal and state levels, the ongoing pandemic does not transform any issue in this case into a substantial federal issue. Pandemic or not, this case presents no serious federal interest which can claim advantages of a federal forum. To be sure, the exempt status of the product is part of some state claims. But Plaintiffs have been harmed regardless of whether the product is exempt. The cited case law persuades the Court that federal question jurisdiction is lacking in this case.

In addition, courts interpret the final *Grable* factor as avoiding the "open[ing of] the proverbial floodgates of litigation into the federal system." *King v. Lincoln Fin. Advisors Corp.*, No. CIV.A. 3:05-CV-1626-, 2006 WL 2067835, at *3 (N.D. Tex. July 25, 2006). When exercising jurisdiction under *Grable* "would cause a significant shift of cases into the federal system from the state system," the federal courts "should decline to exercise jurisdiction." *Id*. But, when the defendant has not carried its burden to show that asserted claims "necessarily raise a substantial disputed federal issue," courts need not "address the sound division of labor question." *Id*. at *5 *& n.4. Here, Defendant has failed on that initial burden. Nevertheless, the Court notes that the final *Grable* element appears sufficient of itself to decline to exercise federal question jurisdiction over the state claims raised in this case. This case involves state claims that should be decided in state court absent diversity jurisdiction, which unquestionably is lacking here.

For these reasons, the Court grants the motion to the extent Plaintiffs seek a remand to state court.

### III. REQUEST FOR COSTS, EXPENSES, AND FEES

Invoking 28 U.S.C. § 1447(c) and the Court's inherent powers to award attorney fees, Plaintiffs seek an award for costs, expenses, and attorney fees if the Court grants their motion to remand. Having granted the motion for remand, the Court now considers whether its remand order should include the requested award.

The Court has discretionary authority to award costs and expenses, including attorney fees when ordering a removed case remanded to state court. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Section 1447(c) provides in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." When the text of a fee-shifting provision "does not specify any limits upon the district courts' discretion to allow or disallow fees," the courts' "discretion is rarely without limits" considering the American system of laws. *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 (1989) (quoted with approval in *Martin*, 546 U.S. at 139).

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin*, 546 U.S. at 140. Accordingly,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

*Id*. at 141. Courts should only award attorney fees when "the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)).

9

As previously determined and discussed, Plaintiffs' operative pleading raises only state claims and there is no substantial federal question that will be necessarily determined in this action. But that does not mean that Defendant could not have an objectively reasonable basis for the removal. While Plaintiffs paint the legal landscape as exceedingly clear that the embedded-federal-question doctrine would not apply here, the Court finds that the law was not so well-settled for each asserted claim so as to make it objectively unreasonable to remove the action to federal court given the FIFRA connections. Plaintiffs asserted several state claims and had any one of them satisfied the criteria for embedded-federal-question jurisdiction, the motion to remand would have failed. And, although the Court has discounted the effect of the pandemic on the substantiality of the federal issues, the pandemic environment provides an additional factor in favor of finding an objectively reasonable basis for removal.

Under the circumstances here, the Court declines to exercise its discretion to award costs, expenses, or fees under 28 U.S.C. § 1447(c). And, although the Court's inherent powers may provide authority to sanction "conduct which abuses the judicial process," courts exercise such powers "with restraint and discretion" due to "their very potency." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). In general, it is neither necessary nor warranted to invoke the potent inherent power of the Court to obtain the same relief or remedy provided by a specific statutory provision. The Court does not find the circumstance here warrant going beyond § 1447(c) and invoking any inherent power or authority to sanction.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** *Plaintiffs' Motion to Remand* (ECF No. 6). It grants the motion to the extent Plaintiffs seek to remand this case. By separate order it will remand this action to the 285th Judicial District Court of Bexar County, Texas, Cause Number 2021-CI-04052. The Court otherwise denies the motion, including

the request for costs, expenses, and attorney fees.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of November 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**